UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17- 21033-CIV-LENARD/GOODMAN

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

LOTTONET OPERATING CORP.,
DAVID GRAY,
JOSEPH GRAY A/K/A DONOVAN KELLY,

        Defendants, and

ORACLE MARKETING GROUP INC.,
CRM INTERACTIVE LLC,
THE COUNCIL CLUB LLC,

        Relief Defendants.
_____/

## FINAL DEFAULT JUDGMENT AGAINST DEFENDANT DAVID GRAY

The Securities and Exchange Commission filed a Complaint and Defendant David Gray ("Gray") failed to enter an appearance or respond to the Complaint, and a Clerk's Default has been entered against him (D.E. 58). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Final Default Judgment is entered against David Gray, as follows:

### I. PERMANENT INJUNCTION

### A. Section 17(a)(1) of the Securities Act

**IT IS ORDERED AND ADJUDGED** that Defendant Gray is permanently restrained and enjoined from violating Section 17(a)(1) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a)(1), in the offer or sale of any security by the use of any means or instruments of

transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Defendants' qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Preliminary Injunction by personal service or otherwise: (a) any of Gray's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Gray.

## B. Section 17(a)(2) of the Securities Act

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Gray is permanently restrained and enjoined from violating Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a)(2), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or

misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Defendants' qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Preliminary Injunction by personal service or otherwise: (a) any of Gray's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Gray.

### C.  Section 17(a)(3) of the Securities Act

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Gray is permanently restrained and enjoined from violating Section 17(a)(3) of the Securities Act, 15 U.S.C. § 77q(a)(3), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Defendants'

qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Preliminary Injunction by personal service or otherwise: (a) any of Gray's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Gray.

### D.  Section 10(b) and Rule 10b-5(a) of the Exchange Act

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Gray is permanently restrained and enjoined from violating Section 10(b) and Rule 10b-5(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5(a), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Defendants' qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual

notice of this Preliminary Injunction by personal service or otherwise: (a) any of Gray's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Gray.

### E.  Section 10(b) and Rule 10b-5(b) of the Exchange Act

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Gray is permanently restrained and enjoined from violating Section 10(b) and Rule 10b-5(b) of the Exchange Act, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5(b), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Defendants' qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Preliminary Injunction by personal service or otherwise: (a) any of Gray's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Gray.

### F. Section 10(b) and Rule 10b-5(c) of the Exchange Act

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Gray is permanently restrained and enjoined from violating Section 10(b) and Rule 10b-5(c) of the Exchange Act, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5(c), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Defendants' qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Preliminary Injunction by personal service or otherwise: (a) any of Gray's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Gray.

### G. Aiding and Abetting Violations of Section 15(a)(1) of the Exchange Act

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Gray is permanently restrained and enjoined from directly or indirectly aiding and abetting the violation of Section 15(a)(1) of the Exchange Act by knowingly or recklessly providing substantial assistance to

anyone making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Preliminary Injunction by personal service or otherwise: (a) any of Gray's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Gray.

## II.  DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Gray is liable for disgorgement of $473,000 (see D.E. 40 at 13; D.E. 42), prejudgment interest thereon in the amount of $14,398.46, and a civil penalty of $473,000, for a total of $960,398.46.  Defendant shall satisfy this obligation by paying $960,398.46 to the Securities and Exchange Commission within 14 days after entry of this Final Default Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>  Enterprise Services Center
>  Accounts Receivable Branch
>  6500 South MacArthur Boulevard
>  Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; David Gray as a defendant in this action; and specifying that payment is made pursuant to this Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Amie Berlin.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## IV.  BANKRUPTCY AND NONDISCHARCHABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Gray, and further, any debt for disgorgement, civil penalty or other amounts due by Gray under this Final Default Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Gray of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## V.  OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C.

§ 77t(e)], Defendant Gray is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VI. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Default Judgment.

## VII. CERTIFICATION UNDER RULE 54(b)

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Default Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of February, 2018.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**