UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17- 21033-CIV-LENARD/GOODMAN

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

v.

LOTTONET OPERATING CORP.,
DAVID GRAY,
JOSEPH VITALE A/K/A DONOVAN KELLY,

     Defendants, and

ORACLE MARKETING GROUP INC.,
CRM INTERACTIVE LLC,
THE COUNCIL CLUB LLC,

     Relief Defendants.
_____/

### FINAL JUDGMENT AGAINST DEFENDANT LOTTONET OPERATING CORP. AND RELIEF DEFENDANTS ORACLE MARKETING GROUP INC., CRM INTERACTIVE LLC, AND THE COUNCIL CLUB LLC

The Securities and Exchange Commission having filed a Complaint and Defendants LottoNet Operating Corp. ("LottoNet" or "Defendant") and Relief Defendants CRM Interactive LLC, Oracle Marketing Group Inc., and The Council Club LLC (collectively, "Relief Defendants") having entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment (D.E. 82-1), is it hereby

**ORDERED AND ADJUDGED** that Final Judgment is entered against Defendant LottoNet and Relief Defendants as follows:

## I. PERMANENT INJUNCTION

### A. Section 17(a)(1) of the Securities Act

**IT IS ORDERED AND ADJUDGED** that LottoNet is permanently restrained and enjoined from violating Section 17(a)(1) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a)(1), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Defendants' qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Permanent Injunction by personal service or otherwise: (a) any of LottoNet's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with LottoNet.

### B. Section 17(a)(2) of the Securities Act

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant LottoNet is permanently restrained and enjoined from violating Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a)(2), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Defendants' qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Permanent Injunction by personal service or otherwise: (a) any of LottoNet's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with LottoNet.

### C. Section 17(a)(3) of the Securities Act

**IT IS FURTHER ORDERED AND ADJUDGED** that LottoNet is permanently restrained and enjoined from violating Section 17(a)(3) of the Securities Act, 15 U.S.C. §

77q(a)(3), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Defendants' qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

      **IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Permanent Injunction by personal service or otherwise: (a) any of LottoNet's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with LottoNet.

### D. <u>Section 10(b) and Rule 10b-5(a) of the Exchange Act</u>

      **IT IS FURTHER ORDERED AND ADJUDGED** that LottoNet is permanently restrained and enjoined from violating Section 10(b) and Rule 10b-5(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5(a), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false

appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Defendants' qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Permanent Injunction by personal service or otherwise: (a) any of LottoNet's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with LottoNet.

### E.  Section 10(b) and Rule 10b-5(b) of the Exchange Act

**IT IS FURTHER ORDERED AND ADJUDGED** that LottoNet is permanently restrained and enjoined from violating Section 10(b) and Rule 10b-5(b) of the Exchange Act, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5(b), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Defendants' qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Permanent Injunction by personal service or otherwise: (a) any of LottoNet's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with LottoNet.

### F. Section 10(b) and Rule 10b-5(c) of the Exchange Act

**IT IS FURTHER ORDERED AND ADJUDGED** that LottoNet is permanently restrained and enjoined from violating Section 10(b) and Rule 10b-5(c) of the Exchange Act, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5(c), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Defendants' qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Permanent Injunction by personal service or otherwise: (a) any of LottoNet's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with LottoNet.

### G.  Section 15(a)(1) of the Exchange Act

**IT IS FURTHER ORDERED AND ADJUDGED** that LottoNet is permanently restrained and enjoined from violating Section 15(a)(1) of the Exchange Act by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Permanent Injunction by personal service or otherwise: (a) any of LottoNet's officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with LottoNet.

## II.  DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY AS TO LOTTONET

**IT IS FURTHER ORDERED AND ADJUDGED** that LottoNet is liable for disgorgement of $4.8 million and prejudgment interest thereon in the amount of $146,115.56, for a total of $4,946,115.56.  Defendant shall satisfy this obligation by paying $4,946,115.56 to the Securities and Exchange Commission within 14 days after entry of this Default Judgment.  Pursuant to the Commission's Motion for Final Judgment (D.E. 79), no civil penalty is imposed against LottoNet.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the name of the party making the payment; and specifying that payment is made pursuant to this Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Amie Berlin. By making the payments, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to LottoNet.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. LottoNet shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### III. DISGORGEMENT AND PREJUDGMENT INTEREST
### AS TO THE RELIEF DEFENDANTS

**IT IS FURTHER ORDERED AND ADJUDGED** that the Relief Defendants are jointly and severally liable with Defendant Joseph Vitale for disgorgement and prejudgment interest thereon in the following amounts:

Relief Defendant CRM Interactive LLC is jointly and severally liable with Defendant Joseph Vitale for disgorgement in the amount of $413,750, and prejudgment interest thereon in the amount of $12,594.85, for a total of $426,344.85.

Relief Defendant Oracle Marketing Group Inc. is jointly and severally liable with Defendant Joseph Vitale of disgorgement in the amount of $245,943, and prejudgment interest thereon in the amount of $7,486.68, for a total of $253,429.68.

Relief Defendant The Council Club LLC is jointly and severally liable with Defendant Joseph Vitale of disgorgement in the amount of $129,663, with prejudgment interest thereon in the amount of $3,947.04, for a total of $133,610.04.

These amounts are deemed satisfied by the restitution ordered against Relief Defendants' owner, Defendant Joseph Vitale, in the criminal case concerning the same conduct at issue in the case, *United States v. Joseph Vitale*, Case No. 17-cr-60102 (S.D. Fla. 2017) (D.E. 36).

### IV. BANKRUPTCY AND NONDISCHARCHABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by LottoNet and the Relief Defendants, and further, any debt for disgorgement, civil penalty or other amounts due by LottoNet and the Relief Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by LottoNet and the Relief Defendants of the federal securities laws or any regulation or order

issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VI. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII. CERTIFICATION UNDER RULE 54(b)

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of February, 2018.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**